UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LISA MARIE PETERS | : | DOCKET NO. 12-CV-2821 |
| VS. | : | JUDGE MINALDI |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM OPINION**

Before the court is plaintiff's petition for review of the Commissioner's denial of supplemental security income and disability insurance benefits. This matter has been referred to the undersigned magistrate judge for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

On April 15, 2009 plaintiff filed an application for disability insurance benefits and supplemental security income alleging disability beginning on February 13, 2009. Tr. 85-98. The claim was initially denied on July 27, 2009. Tr. 53-58. Plaintiff requested and was granted an administrative hearing which was held on October 22, 2010. Tr. 24-52. At the beginning of the hearing, plaintiff was informed of her right to representation by an attorney or other representative and she voluntarily waived that right. Tr. 27-28, 84. Plaintiff and a vocational expert testified at the hearing. During the hearing the administrative law judge ("ALJ") informed plaintiff that he was going to send her to an orthopedist for further evaluation. Tr. 43. The ALJ noted that depending on what information comes back from the evaluation, a supplemental hearing may be needed. Tr. 51.

After the hearing the ALJ requested that the Office of Disability Determination Services

("DDS") schedule an orthopedic consultative examination for plaintiff.  Tr. 154-156.  Plaintiff was notified of this request by letter dated October 27, 2010.  Tr. 157.

Dr. R. Dale Bernauer was appointed by the agency to conduct an orthopedic examination.  Tr. 383.  He saw plaintiff on May 2, 2011, and issued a report and a medical source statement on that same date.  Tr. 387-93.  Although the report is marked as Exhibit 20F and is made a part of the record, there is no evidence in the record of when the ALJ received the report and no evidence that the ALJ ever notified plaintiff that Dr. Bernauer had issued a report and that it was being considered as evidence in the proceeding.

On June 30, 2011, the ALJ issued an unfavorable decision.  Tr. 11-19.  In his decision, the ALJ found plaintiff was not disabled because she retained the residual functional capacity to perform sedentary work with certain limitations and that there were jobs that existed in significant numbers in the national economy that plaintiff could perform.  Tr. 14-18.

On August 26, 2011, plaintiff filed a request for appellate review of this decision.  Tr. 6-7.  She submitted a statement to the Appeals Council concerning her impairments dated March 5, 2012.  Tr. 398-99.  On August 29, 2012 the Appeals Council denied her request for review.  Tr. 1-5.  On October 31, 2012 plaintiff filed suit in this court appealing the determinations of the Commissioner.[1]  Doc. 1.

Following an answer in which the Commissioner denied plaintiff's entitlement to disability [doc. 5], the Commissioner sought reversal and remand pursuant to 42 U.S.C. § 405(g), sentence four.  Doc. 13.  In the Motion to Remand the Commissioner submits that the case should be remanded in order to (1) proffer any evidence obtained post-hearing, including the consultative examination report from R. Dale Bernauer, M.D., to plaintiff and/or plaintiff's attorney in accordance with HALLEX 1-2-7-30; (2) update the treatment evidence on plaintiff's

---

[1] Plaintiff is represented by counsel in this proceeding.

medical condition; (3) further consider plaintiff's residual functional capacity in light of the comments above; (4) further consider whether plaintiff has past relevant work she could perform considering the limitations established by the evidence; and (5) secure supplemental evidence from a vocational expert to clarify the effect of the assessed limitations. Doc. 13, att. 1, pp. 1-2.

Plaintiff has filed an opposition to the Motion to Remand. Doc. 15. In plaintiff's opposition she submits that this court should reverse the ALJ's decision, find that she is entitled to benefits and remand solely for the purpose of calculation of benefits.

## LAW AND ANALYSIS

The Commissioner requests a remand in accordance with the fourth sentence of 42 U.S.C. § 405(g) which provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court notes that a social security case should be remanded if additional proceedings can complete the record or cure any defects in the initial administrative hearings. *See Powell v. Chater,* 959 F.Supp. 1238, 1246 (C.D.Cal.1997).

The court finds that the Commissioner's request for remand is justified. The ALJ erred in failing to notify plaintiff of Dr. Bernauer's report and failing to proffer it as evidence affording plaintiff the opportunity to review the report and request a subpoena for Dr. Bernauer's appearance at a supplemental hearing for the propose of cross-examination. The ALJ's error denied plaintiff due process.

The Fifth Circuit in *Lidy v. Sullivan,* 911 F.2d 1075, 1077 (5th Cir.1990) held that a claimant has an "absolute right to subpoena a reporting physician." The court went on to find that "[d]ue process requires that a claimant be given the opportunity to cross-examine and

subpoena the individuals who submit reports." *Id.*, *quoting Coffin v. Sullivan,* 895 F.2d 1206, 1212 (8th Cir.1990).

When post-hearing evidence is obtained, the Hearings, Appeals, and Litigation Law manual (HALLEX)[2] I-2-7-30 entitled "Proffer Procedures" provides that an ALJ:

> [M]ust proffer all posthearing evidence unless:
> 
> - The evidence was submitted by the claimant or the claimant's representative and there is no other claimant to the hearing.
> - The claimant has knowingly waived his or her right to examine the evidence. (See I-2-7-15, Waiver of the Right to Examine Posthearing Evidence.)
> - The ALJ proposes to issue a fully favorable decision.

The regulation goes on to give a detailed description of precisely what the proffer letter from the ALJ must contain. It states:

> The proffer letter must:
> 
> - Give the claimant a time limit to object to, comment on or refuse the evidence, submit a written statement as to the facts and law that the claimant believes apply to the case in light of the evidence submitted, submit written questions to be sent to the author(s) of the proffered evidence or exercise his or her rights with respect to requesting a supplemental hearing, and the opportunity to cross-examine the author(s) of any posthearing report(s) if it is determined by the ALJ that such questioning is needed to inquire fully into the issues.
> - Advise the claimant that he or she may request a subpoena to require the attendance of witnesses or the submission of records and the procedures for the requesting and issuance of a subpoena.

---

[2] While HALLEX does not carry the authority of law the Fifth Circuit held in *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir.2000), that "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required." *quoting Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir.1981). If prejudice results from a violation, the result cannot stand. *Id.*

HALLEX I-2-7-35B entitled "Entering Posthearing Evidence" states:

> If an ALJ enters posthearing evidence into the record <u>without proffer</u>, the ALJ must ensure that the claimant waived the right to examine the evidence and to appear at a supplemental hearing. The waiver may have been made on-the-record at the hearing or by a <u>signed</u> written statement. Regardless of the form of the waiver, the ALJ must ensure on-the-record that the claimant (especially a *pro se* claimant) is fully informed of and understands the effects of the waiver. If the waiver was signed by a written statement, the ALJ must enter the statement into the record as an exhibit.

At the close of the administrative hearing conducted on October 22, 2010, the following exchange took place:

> ALJ: Okay. Well, at this point I think we're done. We might have to have a supplemental hearing, but it just depends on the information that comes in. We'll get started working on that, we'll be sending you out a notice on when your evaluation's going to be.
>
> CLMT: Okay.
>
> ALJ: Make sure you're there on time. If you're not on time, they won't see you. I mean, that's – and it'll be months, probably, before you can get another one. So please make all efforts to be there, and once I get all that in I'll be able to make a decision hopefully, and we'll go from there, okay?
>
> CLMT: All right. Thank you.

Tr. 51.

There is no evidence of any notice to plaintiff that a post-hearing report was prepared by Dr. Bernauer and received by the ALJ. Also absent from the record is any type of oral or written waiver executed by the unrepresented plaintiff in which she was informed of her rights, acknowledged she understood her rights and affirmatively waived her right to examine the evidence and appear at a supplemental hearing. Based on the record before us, we conclude that the ALJ received Dr. Bernauer's report and submitted it into evidence without even so much as

sending a copy to plaintiff.

Further, the ALJ incorporated and relied on Dr. Bernauer's report when making his determination. Although he assigned "little weight" to the report, we nevertheless find that it was a factor in his decision. *See* Tr. 16, 17. The court notes that Dr. Bernauer's findings were more favorable to plaintiff than what the ALJ ultimately assessed.

The ALJ's use of a post-hearing report without allowing plaintiff the opportunity to question its author, comment on its content, or present any further evidence the plaintiff may have found necessary violated her right to due process. By neglecting to either proffer the report to the plaintiff or secure a valid waiver of her rights, the ALJ committed error. We do not find this error harmless.[3] This error requires remand. *See Tanner v. Secretary,* 932 F.2d 1110 (5th Cir.1991).

## CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision should be **REVERSED** and **VACATED** and the matter **REMANDED** for a new hearing pursuant to the fourth sentence of 42 U.S.C. § 405(g) for another hearing.

**IT IS FURTHER RECOMMENDED** that upon remand, the ALJ is instructed to comply with HALLEX I-2-7-30 and HALLAX I-2-7-35B and proffer any post-hearing evidence, including the consultative examination report from Dr. R. Dale Bernauer, to plaintiff and/or plaintiff's attorney. The ALJ is further instructed to update the treatment evidence on plaintiff's medical condition, further evaluate plaintiff's impairments and residual functional capacity, and obtain additional vocational expert testimony if necessary.

---

[3] Because this error of law requires remand and a new hearing, we do not reach plaintiff's assertion that an award of immediate benefits is warranted.

The effect of this ruling is suspended for fourteen (14) days to allow either party to seek review from the district court.  Should no party seek review the clerk is instructed to remand.

THUS DONE this 11th day of June, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE