UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LISA MARIE PETERS | : | DOCKET NO. 12-cv-2821 |
| VERSUS | : | JUDGE MINALDI |
| U.S. COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Doc. 19. The Commissioner has filed a response to the motion. Doc. 21. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons we RECOMMEND that the motion be GRANTED.

By judgment dated October 7, 2014, this matter was reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). Doc. 18. The EAJA provides that a court shall award attorney's fees and costs to a prevailing party who timely files a fee application in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 21 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of awarding attorney's fees. *Breaux v. U.S.D.H.H.S.,* 20 F.3d 1324 (5th Cir.1994). Thus, plaintiff qualifies as a prevailing party.

In her motion plaintiff seeks to recover fees totaling $10,537.50 (representing 70.25 hours of billing at a rate of $150.00 per hour) and costs of $17.25. Counsel has submitted documentation of time spent on this case. Doc. 19, pp. 4-7.

The Commissioner filed a response to plaintiff's motion. Doc. 21. The Commissioner does not oppose the hourly rate requested or an award of reasonable attorney's fees; however, she does oppose the amount of time plaintiff's counsel spent prosecuting the appeal as being excessive. First, the Commissioner argues that plaintiff counsel's total hours submitted, 70.25, is excessive for a typical social security case. Citing the case of *Hardy v. Callahan,* 1997 WL 47035 *9 (E.D. Tex. Aug. 11, 1997), the Commissioner submits that a typical EAJA request does not exceed 40 hours.[1] The Commissioner also set forth a review of recent EAJA orders issued in this district and submits that the courts, on average, awarded fees for 25.25 hours. *See* Doc. 21, pp. 3-4. Thus, the Commissioner suggests that counsel's time be reduced from 79.25 hours to 25.25 hours at $150 an hour for a total award of $3,787.50.

Next, the Commissioner argues that plaintiff's counsel billed in quarter-hour increments which artificially inflated his time. She submits that counsel's billing .25 or .5 hours to "review" or "receive and review" items is unreasonable and unwarranted.

Finally, the Commissioner's argues that plaintiff's counsel spent 14.75 hours on the case after the Commissioner conceded that there was error and proposed that the case be remanded. She submits that the time plaintiff's counsel spent researching and briefing the opposition to the remand should not be compensated because plaintiff was not successful.[2]

---

[1] In *Hardy* the court surveyed several district and circuit courts and concluded that the average amount of time spent on a social security case that does not involve any complex factual issues was between 30-40 hours.

[2] Plaintiff opposed the Commissioner's motion to remand asking the court to reverse the decision of the ALJ and award immediate benefits. Doc. 15. The Memorandum Opinion of the undersigned recommended remand based on an error of law and did not reach the issue of the award of immediate benefits. Doc. 13. Plaintiff filed an objection requesting that the decision of the magistrate judge be reversed in so far as it did not reverse and award immediate

Plaintiff has not filed a reply to the Commissioner's response. Because of plaintiff's success in securing a remand in this case, we find that an award of attorney's fees is appropriate. However, we agree with the Commissioner that the amount requested is not reasonable.

We note that this case did not involve any difficult or novel issues and that plaintiff's counsel has failed to explain the need for extensive research. Moreover, plaintiff's counsel holds himself out to have represented clients in judicial review of social security benefits claims since 1980. Doc. 19, p. 3. Despite this fact, counsel has billed a total of 56.25 hours in research and brief preparation. More that 42 of those hours were spent on researching and preparing the original brief. We will allow 24 hours (3 days) for preparation of the original brief. *See Jolivette v. Colvin,* 2015 WL 338970 (W.D. La. Jan. 23, 2015)(Magistrate Judge Kirk in an EAJA fee case noted counsel's previous experience and determined that 2 and ½ days is adequate to write a trial brief.)

Another difficulty with counsel's time sheet is that the entries do not contain a sufficient explanation to allow the court a meaningful review of the work performed. For example, many entries simply state "research" and "telephone" without particularizing the substance of the entry. *See generally* Doc. 19, pp. 4-7. We have no way of determining if these entries are duplicative or even related to this case.

We also agree with the Commissioner that it is unreasonable for counsel to bill a minimum of .25 for certain work he performed on this case.[3] Every one of these tasks, which

---

benefits. Doc. 17. The district court rejected plaintiff's argument and affirmed the magistrate judge ruling. Doc. 18.

[3] Some examples of the entries include: 11/15/2012 "Receive and Review Notice" (Although not explained on the time sheet a review of the docket sheet reveals that the order granting *in forma pauperis* status, doc. 3, was issued on that date.), 11/26/2012 "Receive and Review Summons"(apparently referring to the summons issued to the U.S. Attorney, doc. 4), 3/4/2013 "Receive and Review Notice" (also not explained on the time sheet but the docket sheet reveals that the one paragraph answer of the Commissioner, doc. 5, was filed on this date), 6/18/2013 "Review Orders" (not explained on the time sheet but an electronic order granting plaintiff's motion to file an out of time

again are lacking in explanatory detail, could not possibly take an experienced attorney 15 minutes to complete.

We do not find that it was unreasonable for plaintiff's counsel to oppose the Commissioner's motion to remand and seek immediate benefits. Thus, we find that counsel is entitled to recover compensation for those hours expended which we calculate to be 14 hours.

For these reasons, we find that plaintiff's counsel is entitled to a total of 38 hours at $150 an hour. We also find that plaintiff is entitled to the costs incurred of $17.25.

Accordingly, IT IS RECOMMENDED that plaintiff's motion for EAJA fees [doc. 19] be GRANTED and that plaintiff be awarded fees and costs under the Equal Access to Justice Act of $5,717.25.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

---

brief, doc. 10, and an electronic order granting plaintiff's motion to file excess pages, doc. 11, were granted on this date). There are additionally at least 11 telephone calls billed at .25 each.

THUS DONE this 9th day of July, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE